**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DASHIEK OWENS, et al.,**

    **Plaintiff,**

v.                                               **Civil Action No. 3:07cv29**
                                                        **(Judge Maxwell)**

**WARDEN AL HAYNES, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I.  Factual and Procedural History

The *pro se* plaintiff initiated this civil rights action on March 8, 2007. In the complaint, the plaintiff alleged violations of his constitutional rights against the Warden and various other federal employees of the United States Penitentiary at Hazelton ("USP-Hazelton") pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

On May 5, 2008, the undersigned conducted a preliminary review of the file and determined that summary dismissal was not appropriate. Accordingly, an Order to Answer was entered and each of the defendants was issued a 60 day summons.

On August 7, 2008, after service of the summons and complaint, the defendants filed a Motion to Dismiss based, in part, on the plaintiff's alleged failure to fully exhaust administrative remedies. As a result, a Roseboro Notice issued on August 18, 2007. To date, the plaintiff has made no reply.[1]

---

[1] The BOP designated the plaintiff to USP Hazelton in Bruceton Mills, West Virginia, from September 12, 2006 through October 2, 2007. The plaintiff was then designated to the Residential Re-entry facility ("RRC") in Nashville, Tennessee on October 2, 2007. The plaintiff

## II. Contentions of the Parties

### A. The Complaint

In the complaint, the plaintiff makes numerous allegations against the named defendants. First, he alleges upon his arrival at USP Hazelton, he was placed in the Special Housing Unit ("SHU"). Because there were no cells available, he was forced to sleep in a multi-purpose room on a mattress and without access to a toilet. Second, he alleges that his book, Blood in My Eye, by George L. Jackson was confiscated upon his arrival. Finally, the plaintiff alleges that he was denied proper medical treatment because he was not issued a pass to wear sneakers in the SHU.

### B. The Defendants' Motion

In response to the complaint, the defendants assert that the plaintiff's complaint should be dismissed for the following reasons:

(1) the plaintiff failed to fully exhaust his administrative remedies;

(2) the plaintiff has neither asserted nor established personal involvement on the part of defendants Haynes, Folk, and Puri Sharma;

(3) the plaintiff cannot establish a claim for deliberate indifference;

(4) the defendants are entitled to qualified immunity;

(5) the plaintiff's claims against the defendants in their official capacities are barred by sovereign immunity; and

(6) the plaintiff's claims have been rendered moot by his escape.

## III. Standard of Review

---

escaped from that facility on November 18, 2007, and is currently on escape status. (Dckt. 36-2, pp. 2-3). Consequently, the plaintiff's Roseboro Notice which was sent to the plaintiff at his last known address was returned .

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine

issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

**A. Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See

---

[2] Id.

Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added). Moreover, an inmate may procedurally default his claims by failing to follow the proper procedures. See Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378 (2006) (recognizing the PLRA provisions contain a procedural default component).

The BOP makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results. See 28 C.F.R. § 542.10, et seq. This process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied at the institutional level, he may appeal that decision to the Regional Office for the geographic region in which the inmate's institution of confinement is located. (For inmates confined at FCI-Gilmer, those appeals are sent to the Mid-Atlantic Regional Director in Annapolis Junction, Maryland.) If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal. An inmate must fully complete each level of the process in order to properly exhaust his administrative remedies.

In support of their motion, the defendants have filed numerous exhibits, including the sworn Declaration of Matthew W. Mellady, the Deputy Regional Counsel at the Mid-Atlantic Regional Office of the BOP. As a collateral duty, Mellady serves as the Administrative Remedy Coordinator for the Regional Office. Upon reviewing the petitioner's administrative remedy records, Mellady determined that the petitioner had submitted approximately ninety-five (95) administrative remedies during his incarceration with the BOP. Of particular concern to the petitioner's pending case, Mellady determined that following his designation to USP Hazelton on September 12, 2006, he filed fifteen (15) requests for administrative remedies. SENTRY documents summarizing each of the fifteen (15) requests for administrative remedies the petitioner filed while designated at USP Hazelton establish that those remedies

pertain to the following issues: (1) removal from common fare; (2) his claim that R&R stole a book from him; (3) toothpaste, deodorant, and a walkman in the SHU; (4) legal mail being incorrectly opened; (5) unclean/unsanitary environment in SHU; (6) a lower bunk pass; (7) staff attentiveness to duties; and (8) his Residential Re-entry Center placement. The records reflect that the plaintiff did not exhaust his administrative remedies regarding SHU conditions or the alleged book being confiscated by staff. Additionally, the petitioner did not file any administrative remedies requesting a sneaker pass nor did he file any administrative remedies against the staff members he names in his complaint. (Dckt 36-2, pp. 2-3, Dckt. 36-4). This sworn declaration and accompanying exhibit shows that the plaintiff did not exhaust his administrative remedies. Thus, the defendants' motion establishes their initial burden under Fed.R.Civ.P 56(c) of demonstrating the absence of a genuine issue of material fact.

Therefore, as previously explained, in order to survive the defendants' motion for summary judgment, the plaintiff must set forth facts showing there is a genuine issue for trial. To carry this burden, the plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts. Matsushita, 475 U.S. at 856 (*citing* DeLuca v. Atlantic Refining Co., 176 F.2d 421, 423 (2nd Cir. 1949)). This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but...must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 246. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50.

In this instance, the plaintiff must provide probative evidence to show that he exhausted his administrative remedies on the issues raised in this complaint. In his complaint, the plaintiff alleges that "[o]n every issue that I have talked about here in this suit, I have filed Administrative Remedies consistently. I have even gone out of my way to file other administrative remedies indicating that I am not being responded to, and to no avail have I gotten any response!! NONE!!" (Emphasis in original). A review of the record establishes that the plaintiff has not filed any copies of any of the grievances he claims

to have filed without receiving a response. Moreover, because the plaintiff has not responded to the defendants' motion to dismiss, he has not supplied any basis for refuting their claim that he failed to exhaust his administrative remedies. Therefore, the defendants' motion to dismiss for the failure to exhaust should be granted.

## V. Recommendation

For the reasons stated herein, the undersigned recommends that the defendants' Motion to Dismiss, (dckt. 35) be **GRANTED** for the plaintiff's failure to properly exhaust administrative remedies. Accordingly, the undersigned recommends that the complaint be **DISMISSED with prejudice**.[3]

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Report and Recommendation to counsel of record via electronic means.

---

[3] The plaintiff would now be time-barred from pursuing this issue in the BOP's administrative remedy program. See 28 C.F.R. § 542.10, et seq. Thus, a dismissal with prejudice is proper.

DATED: September 19, 2008

 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE